The People of Puerto Rico, Plaintiff and Appellee, v. Tomás Rivera, Defendant and Appellant.

No. 8855. Argued November 6, 1941.—Decided November 10, 1941.

*Manuel Torres Reyes* for appellant. *George A. Malcolm, Attorney General*, and *R. A. Gómez, Prosecuting Attorney*, for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This is an appeal taken by Tomás Rivera from a sentence imposed upon him by the District Court of Bayamón for a violation of Section 371 of the Penal Code. The complaint, in its pertinent part, reads as follows:

"That on August 18, 1940, at the place known as La Trocha, in the ward (*barrio*) of Río Abajo, Vega Baja, Puerto Rico, said defendant, Tomás Rivera, then and there, did unlawfully, wilfully, and maliciously, and by the use of force and violence, at the aforesaid place, enter the domicile of the complainant against my express will, thus disturbing complainant's peace. (Signed) Rafaela Muñiz, complainant."

The appellant, in the two errors assigned in his brief, maintains that the lower court erred in weighing the testimony of several witnesses for the defense in connection with the testimony of the complainant, and in "weighing the evidence as a whole." Both errors have been discussed together by the appellant, as well as by the district attorney, and we will likewise decide them together. The evidence for the prosecution, in short, tended to show that complainant Rafaela Muñiz lived in concubinage with Francisco Marrero, who bought some furniture, upon a conditional sale contract, for the house where they lived; that on or about August 18, 1940, Marrero, who had ceased to live with the complainant, informed the sellers of the furniture that he would discontinue paying for the same and instructed them to go and retake them, and to that end the defendant Tomás Rivera, an employee of the furniture concern, drove a truck to the house of Rafaela Muñiz and, without her consent and over her protest, took out the furniture, locked the house with a padlock, and carried the furniture away. The complainant describes what took place as follows:

"   *        *        *        *        *        *        *

"Q.—Tell us what you saw. Did the defendant enter the house?

"Witness.—I was standing at the door of my house; I stood like this and he said to me: 'I come to take the furniture away.'—'By whose authority?' I said.—'Mr. Paco Marrero's' was the answer and I said to him: 'You can not go in,' and he said to me, 'Why not?' and he went in and threw everything out.

"Q.—What did he seize?

"Witness.—Everything, everything.

"Q.—Tell us what he seized.

"Witness.—Chairs, rockers, beds, quilts, pillowcases, bathtub table, and even the broom.

"Q.—Did he remove everything from the house?

"Witness.—Yes, Sir, and he then locked the house with a padlock.

"Q.—Did he produce any judicial warrant?

"Witness.—He carried a paper given to him by Paco Marrero, instructing him to remove everything.

"Q.—He went in and removed everything?

"Witness.—Everything."

The evidence for the defendant tends to show that at the time the defendant went to fetch the furniture Francisco Marrero was in the house, and that it was he who delivered the same to him in the presence of the complainant without the defendant entering the house.

There is, then, a manifest conflict in the evidence which was resolved by the lower court by giving credence to the testimony of Rafaela Muñiz and rejecting that of defendant's witnesses. It has not been shown that the judge of the lower court was moved by passion, prejudice, or bias, and from our examination of the transcript of the evidence we can not conclude, either, that said judge committed manifest error in weighing the evidence.

■ Section 371 of the Penal Code, in its pertinent part, reads as follows:

". . . . Every person entering another person's domicile against the express will of the tenant, or who in any manner intervenes in such domicile, altering it, performing acts of ownership, or modifying it or attempting to make thereto any repairs whatsoever, except also in the cases and in the manner provided by law, shall be punishable by imprisonment for not less than three months nor more than six months, or by a fine of from two hundred to five hundred dollars."

By entering the domicile of Rafaela Muñiz against her express will the defendant violated the above legal provision. Even conceding that it was true that Francisco Marrero instructed defendant to remove the furniture, such instruction was legally ineffective to authorize him to enter the domicile of Rafaela Muñiz, as Marrero no longer resided there, according to his own testimony.

The judgment appealed from must be affirmed.